IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOSE PEREZ and SAMANTHA GALLEY,**                                                           **PLAINTIFFS**
Each Individually and on Behalf of
All Others Similarly Situated

vs.                                               No. 5:20-cv-112

**PINNACLE CLINICAL RESEARCH, PLLC**                                                  **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Jose Perez and Samantha Galley (hereinafter "Plaintiffs"), each individually and on behalf of others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendant Pinnacle Clinical Research, PLLC ("Defendant"), and in support thereof they do hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant pursuant to Section 216(b) of the FLSA.

2. Plaintiffs propose a Section 216 collective composed of all hourly-paid employees within the past three years.

3. During the applicable time period, Plaintiffs and the proposed collective members work/worked for Defendant and are/were denied their rights under applicable federal wage and hour laws.

4. The proposed Section 216 collective will seek recovery of monetary damages for overtime hours worked by Plaintiffs and the collective members.

5. Plaintiffs, individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated overtime compensation for all hours worked each week that they were/are made to work.

6. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

7. Plaintiffs have filed or will soon file their written Consents to Join this lawsuit pursuant to Section 216 of the FLSA.

## II. JURISDICTION AND VENUE

8. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

9. The acts complained of herein were committed and had their principal effect against Plaintiffs within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

10. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff Jose Perez is an individual and resident and domiciliary of Bexar County. He was employed by Defendant to work as an hourly employee within the three (3) years preceding the filing of this Complaint.

12. Plaintiff Samantha Galley is an individual and resident and domiciliary of Bexar County. She was employed by Defendant to work as an hourly employee within the three (3) years preceding the filing of this Complaint.

13. At all times relevant herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA 29 U.S.C. § 201, *et seq.*

14. Defendant Pinnacle Clinical Research, PLLC, is a Texas professional limited liability company, licensed to do business within the State of Texas.

15. Defendant Pinnacle Clinical Research, PLLC's agent for service of process in Texas is Hays L. Arnold, 8415 Datapoint Drive, Suite 1000, San Antonio, Texas 78229.

16. Defendant established and maintained the wage and employment practices at issue in this case.

17. Defendant hired and fired, or had the right to fire, Plaintiffs and the collective members, established and maintained the pay policies and work schedules for Plaintiffs and the collective members, supervised Plaintiffs and the collective members, and otherwise controlled the working conditions of Plaintiffs and the collective members.

18. Defendant is an "employer" within the meaning set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the collective members.

19. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

20. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three years preceding the filing of this Complaint.

## IV.   FACTUAL ALLEGATIONS

21. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

22. Defendant's primary business purpose is to coordinate and conduct medical research and clinical trials in various areas, including non-alcoholic fatty liver disease, ulcerative colitis and Crohn's disease, among other services.[1] Defendant employed employees such as Plaintiffs and the collective members to accomplish these purposes.

23. Within three years prior to the filing of this Complaint, Defendant hired Plaintiffs, among other individuals, to perform relevant duties such as taking patients' vital signs and taking patient information.

24. Plaintiff Perez worked for Defendant as an hourly-paid Clinical Research Coordinator from approximately January 2017 through December 2019.

25. Plaintiff Galley worked for Defendant as an hourly-paid Clinical Research and Training Coordinator from approximately October of 2105 through May of 2018.

---

[1] *See* https://www.pinnacleresearch.com/what-we-do/, last visited January 30, 2020.

26. As hourly-paid employees, Plaintiffs performed tasks such as taking patients' vital signs and taking patient information, as well as other work, for Defendant. Other hourly-paid employees for Defendant also performed the same type of work.

27. Defendant hired Plaintiffs and the members of the collective and set their work schedules, including the hours to be worked, and paid them an hourly wage.

28. Defendant exercised comprehensive control over the employment of their employees, including the employment of Plaintiffs and the collective members.

29. Defendant dictated the hours worked by their employees, including Plaintiffs and the collective members.

30. Defendant established the method and rate of pay for their employees, including Plaintiffs and the collective members.

31. In addition to their hourly rate of pay, Defendant paid Plaintiffs and other hourly-paid employees additional compensation in the way of bonuses based on the quantity and quality of work performed using objective criteria defined by Defendant in advance.

32. Defendant did not include bonus payments when calculating overtime wages for Plaintiffs and other hourly-paid employees.

33. Plaintiffs and other hourly-paid employees regularly worked in excess of forty (40) hours per week for Defendant.

34. Plaintiffs and other hourly-paid employees worked in excess of forty (40) hours per week in at least one week in which they performed work in connection with receiving a bonus.

35. Because Defendant did not include bonus payments in the overtime wage calculations, Plaintiffs and other hourly-paid employees were not properly paid overtime wages for all overtime hours worked by them.

36. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other hourly-paid employees violated the FLSA.

37. Defendant knew or should have known that the job duties of Plaintiffs and other hourly-paid employees required them to work hours in excess of forty (40) per week, yet Defendant failed and refused to compensate them for their work as required by the FLSA.

38. Upon information and belief, the pay practices that violate the FLSA alleged herein were a centralized human resources policy implemented uniformly from Defendant's corporate headquarters.

39. At all times relevant hereto, Defendant was aware of the minimum wage and overtime requirements of the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

40. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

41. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

42. Plaintiffs assert violations of the FLSA on behalf of all persons who were employed by Defendant as hourly-paid employees from three years prior to the date of the filing of this lawsuit, through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein bellow.

43. Plaintiffs are unable to state the exact number of members of the Collective, but believe that membership exceeds fifteen (15) persons.

44. Defendant can readily identify the members of the Collective, who are a certain portion of the current and former employees of Defendant.

45. The proposed Collective members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

A. Defendant's uniform practice of requiring Collective members to work hours in excess of forty per week;

B. Defendant's uniform practice of paying Collective members bonus payments which do not exceed fifty percent of pay during the representative period;

C. Defendant's failure to include bonus payments when calculating overtime wages for the Hourly Collective members; and

D. Defendant's failure to pay members of the Collective proper overtime compensation for all hours worked over forty (40) per week in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

46. Because Collective members are similarly situated to Plaintiffs and are owed overtime for the same reasons, the class is properly defined as follows:

> **Each hourly-paid employee within the three years preceding the filing of this Original Complaint.**

47. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA.

48. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved

Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

49. In addition, and in the alternative, Plaintiffs bring this action in their individual and personal capacities, separate and apart from the collective claims set forth herein.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claims for FLSA Violations)

50. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

51. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

52. During the relevant time period, Defendant unlawfully refrained from paying Plaintiffs, as hourly employees, a lawful overtime premium for hours worked over forty (40) per week.

53. Defendant's failure to properly pay overtime wages to Plaintiffs stems from Defendant's acts failing to include all bonuses in the calculation of Plaintiffs' overtime wages.

54. Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable

attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

56. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for FLSA Violations)

57. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

58. Plaintiffs, on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

59. During the relevant time period, Defendant unlawfully refrained from paying its hourly employees a lawful overtime premium for hours worked over forty per week.

60. Plaintiffs propose to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiffs, which may be defined as follows:

**All hourly-paid employees who received a bonus in connection with work performed during any week in which they worked over forty hours in the past three years.**

61. Defendant's failure to pay the Collective members overtime wages owed was willful.

62. By reason of the unlawful acts alleged herein, Defendant is liable to members of the Section 216 collective for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

63. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Jose Perez and Samantha Galley, each individually and on behalf of others similarly situated, respectfully pray for declaratory relief and damages as follows:

A.   That Defendant be summoned to appear and answer herein;

B.   That Defendant be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C.   A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D.   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.   Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F.   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an

amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

  G. An order directing Defendant to pay Plaintiffs and members of the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

  H. Such other and further relief as this Court may deem necessary, just and proper.

            Respectfully submitted,

            **JOSE PEREZ and SAMANTHA GALLEY, Each Individually and on behalf of All Others Similarly Situated, PLAINTIFFS**

            SANFORD LAW FIRM, PLLC
            One Financial Center
            650 South Shackleford, Suite 411
            Little Rock, Arkansas 72211
            Telephone: (501) 221-0088
            Facsimile: (888) 787-2040

            */s/ Josh Sanford*
            Josh Sanford
            Tex. Bar No. 24077858
            josh@sanfordlawfirm.com